UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BILAL JACKS,                                          Case No. 20 CV 1012
                        Plaintiff,


        -against-                                     **COMPLAINT**


THE CITY OF NEW YORK, P.O. STACEY                     JURY DEMAND
N. ELLIS [SHIELD# 22414], P.O. JEFFREY
DESHOMMES [SHIELD# 28505], P.O.
ADARYLL STEPHENS [SHIELD# 8776],
P.O. HENRY RIVERA [SHIELD# 3959], P.O.
RENE ORREGO [SHIELD# 5326], P.O.
ARKADIUS R. TARASKA [SHIELD# 3643],
P.O. CARLOS PAREDES [SHIELD# 4127],
SERGEANT LIGUORI, and JOHN DOE AND
JANE DOE #1-8 (the names John and Jane Doe
being fictitious, as the true names are
presently unknown),
                        Defendants.
-----------------------------------------------------------------X


Plaintiff, BILAL JACKS, by his attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, P.O. Stacey N. Ellis
[Shield# 22414], P.O. Jeffrey Deshommes [Shield# 28505], P.O. Adaryll Stephens
[Shield# 8776], P.O. Henry Rivera [Shield# 3959], P.O. Rene Orrego [Shield# 5326],
P.O. Arkadius R. Taraska [Shield# 3643], P.O. Carlos Paredes [Shield# 4127], Sergeant
Liguori, and John Doe and Jane Doe #1-8 (collectively, "defendants"), respectfully
alleges as follows:

1.        This is an action at law to redress the deprivation of rights secured to the
          plaintiff under color of statute, ordinance, regulation, custom, and/or to
          redress the deprivation of rights, privileges, and immunities secured to the
          plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the
          Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising
          under the law and statutes of the City and State of New York].

JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.     Defendant P.O. Stacey N. Ellis [Shield# 22414], was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

11.     Defendant P.O. Jeffrey Deshommes [Shield# 28505] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant P.O. Adaryll Stephens [Shield# 8776] was at all times material herein a police officer employed by the NYPD. S/he is named here in his or her official and individual capacities.

13.     Defendant P.O. Henry Rivera [Shield# 3959] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant P.O. Rene Orrego [Shield# 5326] was at all times material herein a police officer employed by the NYPD. S/he is named here in his or her official and individual capacities.

15.     Defendant P.O. Arkadius R. Taraska [Shield# 3643] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16.     Defendant Carlos Paredes [Shield# 4127] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

17.     Defendant Sergeant Liguori was at all times material herein a sergeant employed by the NYPD. S/he is named here in his or her official and individual capacities.

18.     Defendants John Doe and Jane Doe #1-8 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

19.     Defendants Ellis, Deshommes, Stephens, Rivera, Orrego and John Doe and Jane Doe #1-8 are collectively referred to herein as "Ellis defendants".

20.     Defendants Taraska, Paredes, Liguori, and John Doe and Jane Doe #1-8 are collectively referred to herein as "Taraska defendants".

21.     Ellis defendants and Taraska defendants are collectively referred to herein as "defendant officers".

22.     At all times material to this Complaint, the defendant officers acted towards plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The February 28, 2018, Incident

23.     On or about February 28, 2018, at approximately 2:00 p.m., Ellis defendants, acting in concert, arrested plaintiff without cause at or close to the corner of Chester Street and Livonia Avenue, Brooklyn, New York, and charged plaintiff with N.Y. PL 160.15(2) 'Robbery in the first degree'.

24.     Plaintiff, however, did not commit any robbery and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

25.     Prior to the arrest, plaintiff was returning home after visiting with a friend.

26.     As plaintiff was quietly making his way home, he was bum-rushed by Ellis defendants who forcibly grabbed him and tightly handcuffed him causing the plaintiff to sustain injuries on his shoulders, hands and wrists.

27.     Ellis defendants refused plaintiff's entreaties to remove or loosen the handcuffs.

28.     Ellis defendants subjected the plaintiff to an illegal search.

29.     Ellis defendants did not recover any contraband from their unlawful search of the plaintiff.

30.     Plaintiff enquired as to the reason for the arrest.

31.     Ellis defendants ignored the plaintiff's inquiries.

32.     Eventually, Ellis defendants placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-73rd Precinct for arrest processing.

33.     While at the precinct, Ellis defendants interrogated the plaintiff concerning guns and drugs in his neighborhood.

34.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

35.     While plaintiff was awaiting arraignment, Ellis defendants met with prosecutors employed by Kings County District Attorney's Office.

36.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed armed robbery with a deadly weapon.

37.     Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

38.     Upon arraignment, plaintiff was charged with N.Y. PL 160.15(4) 'Robbery in the first degree', N.Y. PL 160.10(1) 'Robbery in the second degree', N.Y. PL 160.05 'Robbery in the third degree', N.Y. PL 120.14(1) 'Menacing in the second degree', N.Y. PL 155.25 'Petit larceny', N.Y. PL 165.40 'Criminal possession of stolen property in the fifth degree', N.Y. PL 120.15 'Menacing in the third degree', and N.Y. PL 240.26 'Harassment in the second degree'.

39.     Plaintiff was eventually released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

40.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

41.     On or about September 28, 2018, the false charges levied against plaintiff were summarily dismissed by the prosecutors because of the lack of evidence.

The November 25, 2018, Incident

42.     On or about November 25, 2018, at approximately 1:30 p.m., Taraska defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of 432 Mother Gaston Boulevard, Brooklyn, New York, and charged plaintiff with N.Y. PL 195.05 'Obstructing governmental administration in the second degree', N.Y. PL 240.20(3)(5)(7) 'Disorderly conduct', and N.Y. VTL 1112(a) 'Pedestrian-control signal indications'.

43.     Plaintiff, however, did not obstruct any governmental administration, did not engage in any disorderly conduct, did not commit any traffic violations, and

did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

44.     Prior to the arrest, plaintiff was located nearby socializing with his cousin, Steven Realis, and their mutual friend, Roy.

45.     At some point, plaintiff's cousin, Niguel Lopez, arrived at the location in his vehicle with his girlfriend.

46.     Upon arrival, Taraska defendants immediately approached Mr. Lopez and his girlfriend and started interrogating Mr. Lopez demanding to see his driver's license.

47.     Plaintiff who works as a community activist approached Taraska defendants to enquire as to what was going on.

48.     Taraska defendants became defensive and were verbally abusive towards the plaintiff.

49.     At some point, Taraska defendants forcibly grabbed the plaintiff and tightly handcuffed him causing the plaintiff to sustain injuries on his neck, shoulders, hands and wrists.

50.     Eventually, Taraska defendants placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-73rd Precinct for arrest processing.

51.     While at the precinct, Taraska defendants subjected the plaintiff to an illegal search.

52.     Taraska defendants did not recover any contraband from their unlawful search of the plaintiff.

53.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

54.     While plaintiff was awaiting arraignment, Taraska defendants met with prosecutors employed by Kings County District Attorney's Office.

55.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff obstructed governmental administration, engaged in disorderly conduct, and committed traffic violations.

56.     Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

57.     Upon arraignment, plaintiff was charged with N.Y. PL 195.05 'Obstructing governmental administration in the second degree', N.Y. PL 240.20(3)(5)(7) 'Disorderly conduct', and N.Y. VTL 1112(a) 'Pedestrian-control signal indications'.

58.     Plaintiff was eventually released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

59.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

60.     On or about March 18, 2019, plaintiff was advised that the false charges levied against him were adjourned in contemplation of dismissal.

61.     On or about September 17, 2019, the false charges levied against plaintiff were summarily dismissed.

62.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

63.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

64.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

65.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.     The conduct of defendant officers, as described herein, amounted to false arrest.

67.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

68.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

69.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70.     Defendant officers falsely stated to the prosecutors that the plaintiff committed various crimes and/or offenses as described above.

71.     Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

72.     Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

73.     Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

74.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

75.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

76.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

77.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND
UNREASONABLE SEARCH & SEIZURE - against defendant officers

78.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79.     Defendant officers routinely harass the plaintiff and would often stop, frisk, search, and detain the plaintiff whenever they run into him.

80.     The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

81.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

82.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF
RIGHT TO A FAIR TRIAL - against defendant officers

83.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84.     Defendants manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

85.     The plaintiff was deprived of his liberty as a result.

86.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

87.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

88.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

89.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 88 of this complaint as though fully set forth herein.

90.     Upon observing defendant officers, plaintiff inquired as to what was going on.

91.     Immediately after the plaintiff inquired as to what was going on, defendant officers assaulted and arrested him in retaliation for exercising his First Amendment rights.

92.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

93.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

94.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

96.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

97.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

98.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

99.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

101.    Additionally, defendant City of New York, acting through Eric Gonzalez and the Office of the District Attorney of the County of Kings ("KCDA"), had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

102.    Defendant City of New York, acting through aforesaid NYPD and KCDA, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are

members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

103.  Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

104.  For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

105.  In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the Court determined that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

106.  In *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones, merely because he was allegedly informed that Mr. Jones was in the company of another individual named Frantz Machon who did allegedly display a weapon.

107.  Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm.

108.  Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

109.  Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have

a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

110.    As the plaintiff in *Jones* successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not have probable cause to arrest a mere bystander[]" which shows that "he has not been trained on this issue by the City [and NYPD]."

111.    Here, as was true in *Jones*, the City and KCDA have failed to train defendant officers and have failed to instill in them the fact that they lack probable cause to arrest an individual such as the plaintiff who was merely socializing with his friends and there was no evidence connecting the plaintiff to any crime or offense.

112.    Defendant City has settled numerous lawsuits in this district against several officers assigned to the NYPD and KCDA alleging, among other things, that the officers fabricated evidence, and falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Eddie Holley v. City of New York* (18 CV 6487); *Warren Monk v. City of New York* (18 CV 6458); *Sianna Stewart v. City of New York*  (18 CV 4841); *Julien Ford v. City of New York* (18 CV 3620); *Ramel King v. City of New York* (17 CV 4494); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Crystal Whitfield v. City of New York* (14 CV 6085).

113.    Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate identification evidence, arrest innocent citizens without probable cause, use excessive force in the arrest of innocent citizens, improperly seize and/or appropriate to themselves arrestees' properties and/or did not issue or provide to the arrestees with any vouchers specifying the properties seized from them with the constitutionally-required notice printed on the vouchers describing how the arrestees could reclaim their properties.

114.     As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff, incarcerated him, abused and/or assaulted the plaintiff, improperly seized and/or appropriated to themselves several of the plaintiff's properties and/or did not issue or provide to the plaintiff with any vouchers specifying the properties seized from him with the constitutionally-required notice printed on the vouchers describing how the plaintiff could reclaim his properties.

115.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

116.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

117.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

118.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 117 of this complaint as though fully set forth herein.

119.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and

assaulting his and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

120.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

121.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

122.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

123.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

125.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

126.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 125 of this complaint as though fully set forth herein.

127.    By reason of and as a consequence of the conduct of defendant officers, plaintiff was assaulted and sustained serious injuries.

128.    The conduct of the defendants, as described herein, amounted to assault and battery.

129.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

130.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 129 of this complaint as though fully set forth herein.

131.    Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

132.    Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

133.    Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

134.    Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

135.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH AND SEIZURE) - against defendants

136.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 135 of this complaint as though fully set forth herein.

137.     The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable stop and frisk and searches and seizures.

138.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

139.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 138 of this complaint as though fully set forth herein.

140.     Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

141.     The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

142.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

143.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 142 of this complaint as though fully set forth herein.

144.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

145.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through

deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

146.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

147.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 146 of this complaint as though fully set forth herein.

148.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

149.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

150.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

151.    Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.    For compensatory damages against all defendants in an amount to be proven at trial;

b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.    For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a

trial by jury.

Dated: Brooklyn, New York
   February 24, 2020

        UGO UZOH, P.C.


By:  Ugochukwu Uzoh
   Attorney for the Plaintiff
   56 Willoughby Street, Third Floor
   Brooklyn, N.Y. 11201
   Tel. No: (718) 874-6045
   Fax No: (718) 576-2685
   Email: u.ugochukwu@yahoo.com